UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 11

POH Assisted Living, LLC,                            Case No. 10-53709

        Debtor.                                 Hon. Phillip J. Shefferly

_____/

POH Assisted Living, LLC,                            Adversary Proceeding No. 10-06097-PJS

        Plaintiff,

v.

Sunrise Assisted Living Management, Inc.,
and Sunrise Senior Living, Inc.,

        Defendants.

_____/

### OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISMISSAL AND SUMMARY JUDGMENT

#### Introduction

On November 17, 2010, the Court held a hearing on the Defendants' motion for dismissal of this adversary proceeding under Fed. R. Civ. P. 12(b)(6), or summary judgment under Fed. R. Civ. P. 56(c) (docket entry no. 8.) At the conclusion of the hearing, the Court informed the parties that it would decide the motion on the record in open court on November 19, 2010 at 2:30 p.m. The Court issued its ruling from the bench in open court at that time. This opinion memorializes the Court's ruling.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This proceeding presents both core and related matters. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). To the extent this is a non-core proceeding, the parties have consented to this Court's jurisdiction. See 28 U.S.C. §§ 157(c)(1) and 1334(b).

## Procedural History and Undisputed Facts

POH Assisted Living, LLC ("POH") is the Plaintiff in this adversary proceeding. POH is the owner and developer of a 100 resident senior assisted living and adult foster care facility, now known as Autumn Park, located in the city of Clarkston, Oakland County, Michigan. On July 1, 2002, POH entered into a Pre-Opening and Management Services Agreement ("Management Agreement") with Sunrise Assisted Living Management, Inc., a Virginia corporation ("Sunrise"). The Management Agreement states that POH appoints Sunrise as the manager for the assisted living facility owned by POH. The Management Agreement provides for the payment of management fees to Sunrise, and provides for the duties and responsibilities of Sunrise as the manager of the facility. After execution of the Management Agreement, Sunrise became the manager of the facility.

On June 4, 2008, POH filed a lawsuit against Sunrise in the Oakland County Circuit Court for the State of Michigan. The complaint in the state court lawsuit contained four counts. Count I was entitled "Breach of Contract," and alleged that POH suffered damages because of Sunrise's willful violation of many of the terms of the Management Agreement. Count II was entitled "Breach of Fiduciary Duty," and alleged that POH was entitled to damages because of various breaches of fiduciary duties by Sunrise. Count III was entitled "Accounting," and alleged that Sunrise had refused or failed to provide information to POH required by the Management Agreement with respect to purchases, expenditures and other transactions that it entered into as the manager for the

facility. Count IV was entitled "Declaratory Judgment," and sought, among other relief, a declaration that POH was entitled to terminate the Management Agreement and remove Sunrise as manager. Sunrise answered and defended the lawsuit in state court.

On March 16, 2010, POH and Sunrise participated in a case evaluation conducted in the state court lawsuit pursuant to Michigan Court Rule 2.403. That court rule provides a procedure for case evaluation by a three person panel as a means of resolving certain types of lawsuits brought in state court in Michigan. The case evaluation panel awarded POH the sum of $300,000.00. Pursuant to Mich. Ct. R. 2.403, POH and Sunrise each had 28 days within which to accept or reject the panel's evaluation. Both POH and Sunrise accepted the panel's evaluation. On April 22, 2010, the Oakland County Circuit Court entered an order dismissing POH's lawsuit with prejudice. On April 23, 2010, Sunrise paid the $300,000.00 award to POH by remitting that sum to a receiver who had been appointed over POH in a different state court proceeding.

On April 26, 2010, POH filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Chapter 11 case remains pending. Although the lawsuit brought by POH against Sunrise in state court was dismissed and the case evaluation award was paid, Sunrise continued to manage the facility at the time that POH filed its Chapter 11 petition. After the Chapter 11 petition was filed, POH entered into an Operations Transfer Agreement ("Transfer Agreement"), which provided for Sunrise to transfer management of the facility to Homestead Healthcare Services LLC, a Michigan limited liability company, effective May 31, 2010. POH sought and obtained Bankruptcy Court approval to enter into the Transfer Agreement as memorialized in the Bankruptcy Court's June 7, 2010 order approving the Transfer Agreement.

The Transfer Agreement contained a number of specific obligations for each of the parties to it, including a requirement in section 4.1 that Sunrise provide "a complete and accurate

accounting of the revenues and expenditures relating to the facility," and an obligation of Sunrise in section 4.3 to "send any remaining cash from operations at the facility to POH, or to Homestead at the direction of POH, less any amounts due to [Sunrise] in accordance with the final accounting."

On July 9, 2010, POH filed this adversary proceeding. The adversary proceeding names two defendants: Sunrise, and Sunrise Senior Living, Inc., a Virginia corporation ("Sunrise Senior"), the parent corporation of Sunrise. The complaint contains three separate counts. Count 1 is entitled "Retention of Fees and Deposits." Count 1 alleges that Sunrise breached the Management Agreement, and breached its fiduciary duties under the Management Agreement by charging for shared services, centrally administered expenses, and direct bill programs, all of which POH alleges were improperly charged to it, either by Sunrise directly, or through Sunrise Senior or other unidentified entities affiliated with Sunrise. Count 1 further alleges that Sunrise failed to pass through certain refunds, rebates, commissions and discounts that it obtained through its purchase of goods and services, in breach of its fiduciary duties to POH. Finally, Count 1 also alleges that Sunrise breached its fiduciary duty to POH by retaining and failing to account for certain deposits that it received from residents, and other sums described in the complaint as "community fees," paid by residents of the facility to Sunrise. The prayer for relief in Count 1 requests the entry of a judgment in favor of POH and against Sunrise for an accounting of all of the sums that it received from third parties, and an award of damages.

Count 2 of the complaint in this adversary proceeding is entitled "Accounting." Count 2 alleges that Sunrise failed to comply with the terms of the Transfer Agreement and the Bankruptcy Court's order of June 7, 2010 that authorized POH to enter into the Transfer Agreement. Specifically, Count 2 alleges that Sunrise has failed to provide a complete and accurate accounting of the revenues and obligations relating to the facility as of June 1, 2010, and has failed to remit the

-4-

excess working capital that it held as of June 1, 2010 within three business days. Finally, Count 2 alleges that as a consequence of Sunrise's failure to provide a timely accounting to POH, POH fears that Sunrise will be unable or unwilling to comply with the requirement of the Transfer Agreement that it remit any remaining cash from operations of the facility within 90 days after June 1, 2010. In its prayer for relief, Count 2 requests the entry of a judgment against Sunrise and Sunrise Senior for a complete and accurate accounting, and for compensatory damages.

Count 3 of the complaint in this adversary proceeding is entitled "Civil Conspiracy." Count 3 alleges that Sunrise and Sunrise Senior conspired with each other and with other unknown entities related to Sunrise to cause Sunrise to breach the Management Agreement, and to carry out an organized and considered plan to defraud POH by failing to disclose charges to POH for or on account of the purchase of goods and services for the facility. Count 3 alleges that Sunrise made purchases for the facility at inflated amounts, and with undisclosed charges, for the benefit of entities related to Sunrise without Sunrise or Sunrise Senior disclosing these facts to POH in violation of Sunrise's contractual and fiduciary duties. The prayer for relief in Count 3 seeks an order compelling both Defendants, Sunrise and Sunrise Senior, to account to POH for all sums received from third parties for goods and services provided to the facility, and that POH have judgment against both Defendants, jointly and severally, for compensatory damages.

### Defendants' Motion to Dismiss and for Summary Judgment

On August 31, 2010, both Defendants, Sunrise and Sunrise Senior, filed a motion seeking dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, summary judgment under Fed. R. Civ. P. 56(c). The memorandum of law filed by the Defendants in support of their motion provides a detailed comparison of the complaint filed in the state court lawsuit by POH with the complaint filed in this adversary proceeding. The Defendants argue that POH brought the same

substantive claims against Sunrise in the state court lawsuit, and agreed to dismiss those claims and accept the case evaluation award of $300,000.00 in that case. The Defendants assert that POH apparently has had buyer's remorse and would now like a proverbial second bite at the apple by again bringing these very same claims against Sunrise, and also now against Sunrise Senior, which was not a party to the state court lawsuit, by filing this adversary proceeding. Sunrise and Sunrise Senior request that the Court dismiss Count 1 of the adversary proceeding under Fed. R. Civ. P. 12(b)(6) because of the application of the principles of res judicata. Sunrise and Sunrise Senior ask the Court to also dismiss Count 3 of the adversary complaint under Fed. R. Civ. P. 12(b)(6) for several reasons, including res judicata. Finally, Sunrise and Sunrise Senior request that the Court grant them summary judgment under Fed. R. Civ. P. 56(c) with respect to Count 2 of POH's complaint because, they argue, there is no genuine issue of material fact regarding compliance with the Transfer Agreement and the Bankruptcy Court order of June 7, 2010 and, therefore, they are entitled to judgment as a matter of law.

POH replies by conceding that the principles of res judicata do apply to the relief sought by POH against Sunrise in Count 1 of its complaint to the extent that Count 1 seeks relief because of breaches of contract or fiduciary duty by Sunrise under the Management Agreement. However, POH argues that dismissal should not be granted to the extent that Count 1 seeks relief against Sunrise because of breach of contract or fiduciary duties under the Transfer Agreement. POH argues that Count 3 should not be dismissed against Sunrise Senior even if res judicata bars recovery by POH from Sunrise on account of its breach of contract or breach of its fiduciary duties under the Management Agreement. Specifically, POH argues that even though the state court lawsuit against Sunrise was dismissed, POH still has a cognizable claim for civil conspiracy against Sunrise Senior, and other entities related to Sunrise, to the extent that those entities conspired to have Sunrise breach

the Management Agreement with POH. Therefore, even if POH cannot recover from Sunrise under either Count 1 or Count 3 because of a breach by Sunrise of the Management Agreement, or because of a breach of its fiduciary duties under the Management Agreement, nevertheless, POH asserts that it does state a claim in Count 3 against Sunrise Senior and other unidentified related entities for civil conspiracy.

As to Count 2 of the adversary complaint, POH asserts that this count is based entirely on the Transfer Agreement and the Bankruptcy Court order approving it and, therefore, should not be dismissed based upon the principles of res judicata. Further, POH asserts that there are genuine issues of material fact regarding whether Sunrise has complied with the Transfer Agreement and the Bankruptcy Court's order of June 7, 2010 such that Sunrise's motion for summary judgment of Count 2 must be denied, and Count 2 should be permitted to proceed.

### Applicable Standards under Rule 12(b)(6) and Rule 56(c)

The Defendants' motion requests dismissal of Counts 1 and 3 of POH's complaint under Rule 12(b)(6). The Defendants' motion requests summary judgment of POH's Count 2 under Rule 56(c). The applicable standards for the Court to consider a motion to dismiss under Rule 12(b)(6), and to consider a motion for summary judgment under Rule 56(c) are as follows:

Fed. R. Civ. P. 8(a)(2), incorporated by Fed. R. Bankr. P. 7008(a), requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The purpose of this pleading standard is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. at 1949. An inference of the "mere possibility of misconduct" from the facts alleged is insufficient to show that the plaintiff is entitled to relief. Id. at 1950.

Fed. R. Civ. P. 56(c) for summary judgment is incorporated into Fed. R. Bankr. P. 7056. Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48. A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998).

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell International Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." Id. "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d at 566.

-8-

**Analysis**

The Court will first address the Defendants' request for dismissal of Counts 1 and 3 under Rule 12(b)(6), and will then turn to the Defendants' request for summary judgment of Count 2 under Rule 56(c).

Count 1

The Defendants argue that Count 1 is barred by application of the principles of res judicata and the preclusive effect of the state court litigation brought by POH against Sunrise. The Full Faith and Credit Act, Title 28 U.S.C. § 1738, requires federal courts to give preclusive effect to state court judgments when the courts of the state is which the judgment was entered would do so. "Federal courts must give the same preclusive effect to a state-court judgment as that judgment would receive in the rendering state." Abbott v. Michigan, 474 F.3d 324, 330 (6th Cir. 2007). Because POH brought the state court lawsuit against Sunrise in Oakland County Circuit Court, and because the Oakland County Circuit Court entered its order dismissing that lawsuit on April 22, 2010, this Court is required to look to Michigan law to determine what preclusive effect, if any, the dismissal of the state court lawsuit has regarding Count 1 of POH's complaint in this adversary proceeding.

In Buck v. Thomas M. Cooley Law School, 597 F.3d 812 (6th Cir. 2010), the Sixth Circuit Court of Appeals addressed a similar situation. In that case, the plaintiff had filed a state court lawsuit against Thomas M. Cooley Law School. The defendant obtained a summary judgment of that lawsuit. Later, the plaintiff filed an action in federal court against Thomas M. Cooley Law School, which the defendant moved to dismiss because of the application of res judicata. The Buck court reviewed the case law in Michigan, and explained Michigan law regarding res judicata as follows:

Michigan [ ] employs a broad view of res judicata, that bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involved the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.

Id. at 817 (internal quotation marks and citations omitted).

In discussing Michigan law regarding res judicata, the Buck court stated that "[r]es judicata bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised, but did not." Id. (internal quotation marks and citation omitted). Further, the Buck court explained that under Michigan law, "'[w]hether a factual grouping constitutes a transaction for purposes of res judicata, should be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit.'" Id. (quoting Adair v. Michigan, 680 N.W.2d 386, 398 (Mich. (2004)).

Although both Sunrise and POH extensively discuss in their memoranda the effect of case evaluation of the state court lawsuit under Michigan Court Rules, the more relevant fact is that the Oakland County Circuit Court entered an order on April 22, 1010, dismissing that lawsuit with prejudice. It is that order that constitutes a decision on the merits of POH's complaint in state court. Therefore, the first element of res judicata is present with respect to Count 1. POH seeks a judgment against Sunrise in Count 1 of its complaint in this adversary proceeding. POH and Sunrise are the same parties that were involved in the Oakland County Circuit Court state court litigation. Therefore, the second element of res judicata is also met. The only remaining element then is whether the claims set forth in Count 1 of this adversary proceeding were raised, or could have been raised, in the Oakland County Circuit Court lawsuit. To answer that question, the Court must

examine the complaint filed in that case and compare it to the complaint filed in this adversary proceeding.

Although courts are typically limited when considering a motion under Rule 12(b)(6) to examining the complaint that is the subject of the motion, the Sixth Circuit Court of Appeals has held that "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." Buck, 597 F.3d at 816 (citation omitted). The Court therefore considers it proper for purposes of considering the Defendants' Rule 12(b)(6) motion to dismiss Count 1 based on res judicata grounds for the Court to examine the complaint filed by POH in the Oakland County Circuit Court lawsuit.

Count 1 of the complaint in this adversary proceeding alleges breach of the Management Agreement and breach of fiduciary duties by Sunrise by improperly charging for shared services, centrally administered expenses, direct bill programs and by Sunrise failing to account for refunds, rebates, commissions and discounts received by Sunrise while it was managing the facility for POH under the Management Agreement. The Court has also reviewed the complaint in the state court lawsuit. The chart set forth on pages 3 through 5 of the Defendants' memorandum in support of their motion to dismiss illustrates that the allegations set forth in Count 1 of the complaint in this adversary proceeding are essentially the same as those set forth in the complaint filed in Oakland County Circuit Court. The allegations set forth in Count 1 of the complaint in this adversary proceeding and the allegations set forth in the complaint filed in Oakland County Circuit Court case all arise from a single group of operative facts. They are all based upon the conduct of Sunrise in managing the facility for POH under the Management Agreement. Count 1 is virtually identical to the complaint filed by POH in Oakland County Circuit Court. The third element of res judicata is present with respect to Count 1 of POH's complaint in this adversary proceeding.

-11-

However, at the hearing on November 17, 2010, POH made two separate arguments in an attempt to rescue Count 1 from the principles of res judicata. First, POH argued that even though Count 1 refers to the Management Agreement, POH was instead intending for Count 1 to be based upon the Transfer Agreement. The Court rejects that argument because Count 1 simply does not refer at all to the Transfer Agreement. Count 1 is plainly based solely on the Management Agreement.

Second, POH argued that even if Count 1 of the complaint is based upon the Management Agreement, it nevertheless does contain some claims that were not set forth by POH in the complaint filed in state court by POH. Specifically, POH argues that Count 1 of this adversary proceeding alleges that Sunrise received certain "deposits" from residents and certain payments, referred to as "community fees" from residents, that it has failed to account for to POH. POH argues that these are essentially new claims against Sunrise that were not brought in the state court complaint. However, even if those specific deposits or community fees were not mentioned by name in the complaint filed in state court, the broad view of res judicata under Michigan law, as explained in Buck v. Thomas M. Cooley Law School, makes it clear to this Court that any claims with respect to those deposits or community fees are also barred by res judicata. Res judicata bars not only claims that were made, but also every claim that arises from the same transactions, that could have been raised in the first action if the parties, exercising reasonable diligence could have but did not raise such claims. The alleged conduct concerning the deposits and community fees, even though not specifically identified in POH's state court complaint, could have been raised in the Oakland County Circuit Court lawsuit. The state court complaint alleged many different types of breach of contract, breach of fiduciary duty, and failure to account for funds received or disbursed by Sunrise in connection with its operation of the facility. The conduct now alleged in Count 1 with respect

-12-

to the deposits and community fees undoubtedly arises from the management of the facility by Sunrise during the term of the Management Agreement and, therefore, arises from the same transactions that were at issue in the state court lawsuit. The Court is simply not persuaded that these are in any way new claims or claims that could not have been raised in the state court lawsuit.

Even if the facts regarding the deposits and community fees were not known at the time that the lawsuit was filed in state court, but only became known during the pendency of the state court lawsuit, it is clear that the principles of res judicata in Michigan are broad. Under Michigan law, a plaintiff has a duty to supplement its complaint with factual allegations that develop during the pendency of the state court lawsuit, or else they are barred by res judicata. See Buck v. Thomas M. Cooley Law School, 597 F.3d at 817 (citing Adair v. Michigan, 680 N.W.2d 386, 398 (Mich. 2004) and Dubuc v. Green Oak Twp., 312 F.3d 736, 749-50 (6th Cir. 2002)). The Court is not persuaded that there is anything in this record to indicate that the specific claims regarding deposits and community fees do not arise out of the same transactions that were at issue in the state court lawsuit, or that they arise out of facts that could not have been discovered with reasonable diligence during the pendency of the state court lawsuit. The Court, therefore, finds that the third element of res judicata is present with respect to Count 1.

The Court concludes that to the extent that POH seeks relief in Count 1 of its complaint against Sunrise, the claims in Count 1 are barred by application of the principle of res judicata under Michigan law. Therefore, as to Sunrise, the Court grants the Defendants' motion to dismiss. Count 1 does not appear to request any relief against Sunrise Senior. The prayer for relief in Count 1 only asks for a judgment against Sunrise, and does not mention Sunrise Senior. At the hearing on November 17, 2010, the Court inquired of POH whether the Court correctly read Count 1 as only requesting relief against Sunrise and not against Sunrise Senior. POH agreed with the

Court's reading. Accordingly, because Count 1 does not seek any relief against Sunrise Senior, but only seeks relief against Sunrise, and because the Court finds that the claims set forth in Count 1 against Sunrise are barred by res judicata, the Court will enter an order dismissing Count 1 in its entirety.

Count 3

The Court will next address the Defendants' motion for dismissal of Count 3. Count 3 of the complaint in this adversary proceeding appears to seek relief both from Sunrise and Sunrise Senior on account of the civil conspiracy that is alleged. At the hearing on November 17, 2010, POH conceded that to the extent that Count 3 seeks relief against Sunrise on account of the facts alleged in Count 3, that relief is barred by the principles of res judicata. Therefore, the only relief that POH seeks under Count 3 is relief against Sunrise Senior, based on the allegations of civil conspiracy by Sunrise Senior with Sunrise, and with other entities related to Sunrise. POH argues that Sunrise Senior was not a party to the state court lawsuit and, therefore, that principles of res judicata do not preclude POH from bringing Count 3 against Sunrise Senior.

Sunrise Senior makes three arguments in response. First, it argues that res judicata does bar Count 3 against Sunrise Senior because even though Sunrise Senior was not a party to the Oakland County state court lawsuit, it was in privity with Sunrise, which was a defendant in the state court lawsuit. Second, Sunrise Senior argues that even if res judicata does not bar POH from bringing Count 3 against it, Count 3 still fails to state a claim upon which relief can be granted because a subsidiary and a parent cannot conspire as a matter of law. Third, Sunrise Senior argues that Count 3 must be dismissed in any event because a claim for civil conspiracy is not cognizable if there is no underlying, separate actionable tort. In other words, even if Sunrise Senior conspired with Sunrise and others to have Sunrise act unlawfully, once the action brought by POH in state

-14-

court against Sunrise was dismissed with prejudice, then there was no longer any underlying tort and, therefore, no cognizable claim for civil conspiracy exists.

With respect to Sunrise Senior's first argument, it is true that under Michigan law, res judicata ordinarily only applies where the parties to the second action are the same parties as in the first action or were privies to the parties in the first action. In this case, Sunrise Senior was not a party to the state court lawsuit brought by POH against Sunrise. The real question is whether or not it was a privy of, or in privity with, Sunrise in that litigation. Under Michigan law, if a party to a second action was not in privity with a party to the first action, res judicata principles ordinarily do not apply to bar the second action. However, in Michigan, when a party asserts res judicata defensively, the courts also find it is unnecessary to show privity. See Monat v. State Farm Insurance Co., 677 N.W.2d 843, 847-51 (Mich. 2004) (holding that mutuality is not required where collateral estoppel is asserted against a party who already had a full and fair opportunity to litigate the issue). Both the Sixth Circuit and Eastern District of Michigan courts have applied this exception to the requirement of privity rule to res judicata, as well as collateral estoppel. See McCoy v. Michigan, 369 Fed. App'x 646, 650, 2010 WL 841198 (6th Cir. Mar. 12, 2010) (relying on an unpublished Michigan Court of Appeals case that extended the rule in Monat, decided in the context of collateral estoppel, to the res judicata context to hold that defendants asserting the doctrine defensively need not show privity) (citing Motuelle v. Ruffini, No. 244557, 2004 WL 1254304 at *4 n.3 (Mich. Ct. App. June 8, 2004)); Osler v. Huron Valley Ambulance Inc., 671 F. Supp. 2d 938, 946 (E.D. Mich. 2009) (holding that, "in Michigan, mutuality of estoppel is not required when claim preclusion is asserted defensively"). Because Sunrise Senior asserts res judicata defensively in Count 3 of this adversary proceeding, the Court finds that privity is not a necessary element to invoking res judicata. Therefore, the Court holds that all of the elements of

res judicata are present. As a result, Count 3 of POH's complaint against Sunrise Senior must be dismissed.

In the alternative, even assuming, arguendo, that privity is a requirement in order for Sunrise Senior to invoke principles of res judicata in support of its request to dismiss Count 3 of POH's complaint, the Court concludes that in the circumstances of this case, there is privity. Under Michigan law, to determine whether privity exists, it is not necessary that there be a "perfect identity" of parties. Rather, Michigan courts require "a substantial identity of interests and a working functional relationship in which the interests of the non party are presented and protected by the party in the litigation." Adair v. Michigan, 680 N.W.2d 386, 396 (Mich. 2004) (internal quotation marks and citations omitted). "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." Id. (citation omitted). POH seems to view privity between a parent and subsidiary as requiring that the two entities act in a manner that disregards their legal separation as distinct corporations, or that they engage in substantially the same business operations where the subsidiary is essentially the alter ego of the parent. The Court does not agree that privity requires that showing.

In this case, Sunrise Senior is indisputably the parent corporation of Sunrise. There is nothing in the cases cited by POH, nor could the Court find, any requirement that privity between parent and subsidiary corporations somehow requires conduct that would support piercing the corporate veil. All of the conduct that is alleged by either Sunrise or Sunrise Senior relates to Sunrise's management of the facility and its alleged breach of the Management Agreement and fiduciary duties that it owed under the Management Agreement to POH. POH does not explain why the interest of Sunrise Senior, which is admittedly the parent corporation to Sunrise, is not substantially identical to Sunrise's interest, in contesting the allegations that were made by POH in

-16-

the state court lawsuit that Sunrise and Sunrise Senior conspired to have Sunrise breach the Management Agreement and breach fiduciary duties to POH. How are the interests of Sunrise and Sunrise Senior not identical, or not substantially identical, in defending against these allegations? No facts have been pled to show that these two entities, parent and subsidiary, do not have a working, functional relationship, and that they do not have the same identical interest in defending against the allegations that they conspired together to have Sunrise breach the Management Agreement, allegations which were made both in the state court lawsuit and in this adversary proceeding. It appears to the Court that these two entities have a substantial identity of interest in contesting these allegations. In addition, POH has already had a full and fair opportunity to litigate the claims in Count 3. Therefore, the Court holds that even if privity is required when principles of res judicata are invoked defensively, that requirement is met in the circumstances of this case because Sunrise Senior is in privity with Sunrise, which was the party named as the defendant in the Oakland County state court lawsuit.

Sunrise Senior also argues that Count 3 must be dismissed for failure to state a claim under Rule 12(b)(6) for other reasons quite apart from res judicata. First, Sunrise Senior argues that a parent company and a subsidiary company are incapable as a matter of law of conspiring. Second, Sunrise Senior argues that because the state court lawsuit against Sunrise was dismissed, there is no longer an underlying tort and, therefore, the civil conspiracy count fails as a matter of law. The Court need not address either of these specific arguments for dismissal under Rule 12(b)(6) because the Court concludes that Count 3 fails in any event to meet the <u>Twombly</u> and <u>Iqbal</u> test of pleading sufficient factual content to plausibly set forth a claim for relief.

"[C]ivil conspiracy is an agreement between two or more persons to accomplish some unlawful purpose through concerted activity." <u>Ahlers v. Schebil</u>, 188 F.3d 365, 374 (6th Cir. 1999)

(citing <u>Fenestra Inc. v. Gulf American Land Corp.</u>, 141 N.W.2d 36, 48 (Mich. 1966)). Civil conspiracy also encompasses an agreement "to accomplish a purpose not unlawful by criminal or unlawful means." <u>Fenestra v. Gulf American Land</u>, 141 N.W.2d at 48 (citing <u>Veriden v. McLeod</u>, 146 N.W. 619, 622 (Mich. 1914)). "[T]he gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages." <u>Id.</u> at 49.

<u>Twombly</u> and <u>Iqbal</u> require factual content in a complaint. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 546, 555-57 (2007). It is no longer enough to just set forth a formulaic recitation of the elements of a cause of action. Count 3 of POH's complaint in this adversary proceeding alleges in conclusory terms that Sunrise Senior "acted in concert or participation" with Sunrise and other unidentified related parties, "to carry out an organized and considered plan, that is, a civil conspiracy, to defraud" POH. However, Count 3 is devoid of factual content to support these legal conclusions. The only facts alleged in Count 3 are that Sunrise Senior is the owner or majority shareholder of Sunrise; that the Defendants "purchased goods and services including insurance on behalf of, or on account of, Plaintiff pursuant to their contractual and fiduciary duties"; and that the Defendants did not advise POH "that goods and services including insurance purchased for or on account of Plaintiff and not [sic] obtained through arms' length negotiations." These allegations are simply insufficient to meet the <u>Twombly</u> and <u>Iqbal</u> test. To sustain a motion to dismiss under Rule 12(b)(6), there must be sufficient factual allegations to render a claim plausible. It is not enough that a complaint pleads facts that are consistent with a defendant's liability. The complaint must plead sufficient facts which, if taken as true, permit the Court to draw the inference that the defendant is liable for the misconduct alleged. In other words, the facts or allegations must be enough to raise the right to relief above a speculative level. Count 3 of POH's complaint does not do that. Therefore, while the Court concludes that

principles of res judicata apply to require the dismissal of Count 3 both as to Sunrise and Sunrise Senior, the Court also holds, in the alternative, that even without the application of principles of res judicata, Count 3 must be dismissed for the independent reason that it simply does not contain sufficient factual content to sustain a Rule 12(b)(6) motion.

At the hearing on November 17, 2010, POH requested an opportunity to amend Count 3. Fed. R. Civ. P. 15(a) (incorporated by Fed. R. Bankr. P. 7015) governs amendments to pleadings. "Generally, leave to amend is freely given when justice so requires." Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002). "[T]he right to amend is not absolute or automatic." Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008). A plaintiff must act diligently in seeking leave to amend a complaint. See Leary v. Daeschner, 349 F.3d 888, 907-08 (6th Cir. 2003) (denying leave to amend where the plaintiffs were "obviously aware of the basis of the claim for many months" but failed to take any action until after the defendant moved for summary judgment). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." Wade v. Knoxville Utilities Board, 259 F.3d 452, 459 (6th Cir. 2001).

Although leave to amend is ordinarily freely given, the Court declines to grant leave in this case. First, there is no written motion seeking leave. In Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776 (6th Cir. 2000), the Sixth Circuit affirmed a denial of the plaintiffs' request to amend contained in their response to a motion to dismiss, finding that it would be tantamount to "an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." Id. at 783-84. Second, there is no explanation why additional facts are not contained in the complaint. This is not a case where the plaintiff does not have access to facts. Here, POH litigated for two years in state court, albeit represented by a different counsel, over the

very same transactions and facts that give rise to the alleged conspiracy claim against Sunrise Senior. Even if the Court were to agree with POH that the civil conspiracy claims against Sunrise Senior are not precluded by res judicata, the facts that would have to be shown to support this conspiracy are all facts that pertain to the very same transactions that were raised in the state court lawsuit brought by POH against Sunrise. The conduct that allegedly implicates Sunrise Senior in a civil conspiracy was central to the state court litigation, which POH had a full and fair opportunity to prosecute. This is abundantly clear upon reviewing the allegations in POH's case evaluation summary in the Oakland County Circuit Court case. That summary alleged that Sunrise and Sunrise Senior conspired to have Sunrise breach the Management Agreement and defraud POH. That is precisely what Count 3 of the complaint in this adversary proceeding alleges, except that it is not supported by any factual content. Third, although POH made an informal request for leave to file an amended complaint, POH has not identified sufficient facts that would be included in an amended complaint, should leave be granted, to enable the Court to draw the reasonable inference that Sunrise Senior is liable for the misconduct alleged in Count 3. Although this adversary proceeding itself is not at a late stage, POH has been litigating with sunrise for two-and-a-half years over the misconduct that is alleged in Count 3.

In sum, the Court is just not persuaded that there is a basis under Fed. R. Civ. P. 15(a) to permit leave to amend Count 3. The Court concludes that Count 3 must be dismissed under Rule 12(b)(6) both on the grounds of res judicata principles and because Count 3 fails to state a claim upon which relief can be granted under the pleading requirements of <u>Twombly</u> and <u>Iqbal</u>.

<u>Count 2</u>

In contrast to Counts 1 and 3 of POH's complaint in this adversary proceeding, Count 2 alleges that Sunrise failed to comply with the terms of the Transfer Agreement and the Bankruptcy

-20-

Court's order of June 7, 2010. The Transfer Agreement was not made until May, 2010, after the Oakland County Circuit Court lawsuit was dismissed. Likewise, the Bankruptcy Court's order of June 7, 2010 was not entered until after the Oakland County Circuit Court lawsuit was dismissed. POH argues that Sunrise's failure to comply with the Transfer Agreement and the Bankruptcy Court order of June 7, 2010 are not claims that either were brought in the Oakland County Circuit Court lawsuit, or that could have been brought in that lawsuit, because the facts that give rise to these claims did not occur until after that lawsuit was dismissed.

Sunrise moved to dismiss Count 2 because Sunrise believes that it did comply with the Transfer Agreement and the Bankruptcy Court order of June 7, 2010. In support, Sunrise attached to its motion for summary judgment two emails from Ronald L. Rose, the co-counsel for Sunrise, that are accompanied by certain attachments described as an "Updated Analysis" (attached to Exhibit G) and "Reports" for Sunrise and POH (attached to Exhibit H.)

In reply to Sunrise's motion for summary judgment regarding Count 2, POH relies upon the affidavit of Kathryn Fox, an accountant for POH, and Richard P. Mazur, a principal of POH. Fox's affidavit states that she has requested on behalf of POH certain information, and that the information that she has been provided "may or may not be responsive." Fox further states that the "full and complete accounting" required by paragraph 4.1 of the Transfer Agreement was not provided by POH, but instead POH provided an "unverified summary" without "supporting documents." Mazur's affidavit states in conclusory terms that "in my opinion" the accounting provided by Sunrise under the Transfer Agreement is "neither complete nor accurate and the 'excess working capital' transmitted may be shown in discovery to be less than the payment which would have resulted from a proper accounting." POH also filed an affidavit of Stephen M. Landau, its attorney, that essentially concurs, in conclusory terms, with Fox and Mazur.

The Defendants' reply to POH's response to the Defendants' motion for summary judgment argues that the affidavits filed by POH do not establish a genuine issue of material fact regarding Sunrise's compliance with the Transfer Agreement and the Bankruptcy Court order of June 7, 2010, but instead "amount to nothing more than POH seeking clarification on certain documents and information that has been produced." The Defendants attached to their reply to POH's response to the motion for summary judgment an affidavit signed by Rose. Rose's affidavit describes communications that he had regarding the Transfer Agreement and the Bankruptcy Court order of June 7, 2010, as well as his transmission of certain May, 2010 reports that are attached to his affidavit. Rose's affidavit disputes POH's assertion that it did not receive a full accounting as required by the Transfer Agreement and the Bankruptcy Court order of June 7, 2010.

The Court has reviewed the affidavits filed by each of the parties, and the documents attached to them. The Court cannot find that there are no genuine issues of material fact regarding whether Sunrise complied with the Transfer Agreement and the Bankruptcy Court order of June 7, 2010, and that Sunrise is entitled to judgment as a matter of law. Therefore, the Court holds that the Defendants' motion for summary judgment regarding Count 2 must be denied.

### Conclusion

The filing of a Chapter 11 petition by POH does not relieve it of the legal consequences of all of the decisions that it made pre-petition, nor of the legal consequences of decisions rendered by courts of competent jurisdiction with respect to litigation that POH brought pre-petition. Counts 1 and 3 of POH's complaint in this adversary proceeding are, in the Court's view, transparent attempts by POH to circumvent POH's decision to accept a $300,000 settlement, and the dismissal of the Oakland County Circuit Court lawsuit on April 22, 2010. Counts 1 and 3 of the complaint in this adversary proceeding attempt to re-litigate the issues disposed of in that lawsuit. The broad

principles of the doctrine of res judicata recognized under Michigan law require the Court to grant the Defendants' motion to dismiss Counts 1 and 3 of the complaint on res judicata grounds. Count 1 seeks relief only from Sunrise. That count is dismissed. Count 3 seeks relief only from Sunrise Senior. Count 3 is dismissed. Further, as earlier explained, Count 3 must also be dismissed because it fails to state a claim for relief under Rule 12(b)(6).

Count 2 is the only count in the complaint filed in this adversary proceeding that does not relate to the transactions at issue in the state court lawsuit. Instead, Count 2 is based upon allegations of violation of the Transfer Agreement and the Bankruptcy Court order of June 7, 2010, each of which occurred after the Oakland County Circuit Court litigation was dismissed, and each of which occurred only after this bankruptcy case was filed. The claims set forth in Count 2 are not precluded by the principles of res judicata. Further, although Sunrise argues that it is entitled to a summary judgment with respect to Count 2, the Court disagrees. There are genuine issues of material fact regarding Count 2 and, therefore, the Defendants' motion for summary judgment with respect to Count 2 is denied. Accordingly, all that remains of this adversary proceeding is Count 2. The only Defendant in Count 2 is Sunrise. Sunrise is now required by the applicable provisions of the Federal Rules of Civil Procedure to file an answer within 14 days from the date of denial of its motion for summary judgment of Count 2. Upon the filing of an answer, the Court will then schedule an initial scheduling conference consistent with its normal practices.

The Court will enter its own order dismissing Counts 1 and 3 and denying the motion for summary judgment of Count 2, which order will simply state that it is entered for the reasons set forth on the record in open court on November 19, 2010, and in this opinion, all of which are incorporated by reference in the order. The Court also notes that in rendering this opinion, the Court

considered all of the arguments of POH and the Defendants, even if they were not specifically addressed in this opinion.  The Court will enter an order consistent with this opinion.

**Signed on November 23, 2010**

                                    **/s/ Phillip J. Shefferly**
                                **Phillip J. Shefferly**
                                **United States Bankruptcy Judge**